IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:

STEPHEN LEE CLOUSE,

Debtor(s).

CASE NO. BK 17-81515-TLS
CHAPTER 7

ORDER

This matter is before the Court on the motion to file proof of claim out of time by creditor Janet Clouse (Fil. No. 58). No objection was filed. Donald A. Roberts represents the movant.

The motion is granted.

The movant is the ex-wife of the debtor. Under the terms of the parties' pre-petition decree of dissolution of marriage, the debtor was ordered to pay her $94,827 as a property settlement. The debtor filed this Chapter 7 bankruptcy petition in October 2017, and the movant filed an adversary proceeding against him in November 2017 to except the debt from discharge. A default judgment was entered in her favor in December 2017 in that proceeding.

In the meantime, the Chapter 7 trustee has been administering the bankruptcy estate. He recovered non-exempt assets for the estate and notified creditors that in order to share in the distribution of funds, proofs of claim should be filed with the bankruptcy court by April 9, 2018. The trustee has not yet filed a final report of distribution, and the case remains open.

The Bankruptcy Code and procedural rules govern the filing of proofs of claim to establish a right to distribution from the bankruptcy estate. Federal Rule of Bankruptcy Procedure 3002(a) requires that a creditor "must file a proof of claim . . . for the claim to be allowed." Section 502 of the Bankruptcy Code provides that claims for which proof is filed under § 501 are deemed allowed unless objected to. If a claim is filed late, it may be allowed if it falls within § 726(a)(1), (2), or (3). 11 U.S.C. § 502(b)(9).

Rule 3002 sets out the appropriate deadlines for filing a proof of claim, depending on the chapter, the type of creditor, and the basis for the claim. Rule 3002(c)(6) explains how to obtain an extension of time in which to file a proof of claim:

> (6) On motion filed by a creditor before or after the expiration of the time to file a proof of claim, the court may extend the time by not more than 60 days from the date of the order granting the motion. The motion may be granted if the court finds that:
>> (A) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim because the debtor failed to timely file the list of creditors' names and addresses required by Rule 1007(a); or

     (B) the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim, and the notice was mailed to the creditor at a foreign address.

Neither of those reasons for granting an extension exists in this case.

Nevertheless, a late-filed claim is not automatically shut out of the distribution of property in a Chapter 7 estate. As noted above, § 726(a) expressly preserves the ability of creditors who file claims late to receive payment if certain circumstances are met:

[P]roperty of the estate shall be distributed –

  (1) first, in payment of claims of the kind specified in, and in the order specified in, section 507 of this title, proof of which is timely filed under section 501 of this title or tardily filed on or before the earlier of –
    (A) the date that is 10 days after the mailing to creditors of the summary of the trustee's final report; or
    (B) the date on which the trustee commences final distribution under this section;

  (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is –
    (A) timely filed under section 501(a) of this title;
    (B) timely filed under section 501(b) or 501(c) of this title; or
    (C) tardily filed under section 501(a) of this title, if –
      (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
      (ii) proof of such claim is filed in time to permit payment of such claim;

  (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title, other than a claim of the kind specified in paragraph (2)(C) of this subsection[.]

11 U.S.C. § 726(a).

The movant's claim is not one specified in § 507, so the first paragraph is inapplicable. Second, the movant clearly cannot say she did not have notice or actual knowledge of the bankruptcy case in time to file a proof of claim before the deadline, because she promptly filed an adversary proceeding to except the debt from discharge. Thus, the second paragraph is inapplicable. If she is to be allowed into the distribution line, it will have to be under subsection (3).

Section 726(a)(3) effectively subordinates a late-filed claim when the lateness is solely because the creditor failed to act. It permits distribution of estate funds on late-filed claims only if there are any funds left after timely filed claims have been paid. *See North Dakota ex rel. Stenehjem v. Bala (In re Racing Servs., Inc.)*, ___ B.R. ___, Case No. 20-6002, 2020 WL 5541382, at *5 (B.A.P. 8th Cir. Sept. 16, 2020); *In re Phillips*, 166 B.R. 129, 132-33 (Bankr. S.D. Iowa 1994).

The movant is seeking to file her claim more than two-and-a-half years after the deadline. In this case, the trustee has not yet made the final distribution of the assets of the estate, so § 726(a)(3) protects this creditor's tardiness.

IT IS ORDERED: Janet Clouse's motion to file proof of claim out of time (Fil. No. 58) is granted.

DATED: October 29, 2020

BY THE COURT:

/s/Thomas L. Saladino
Chief United States Bankruptcy Judge

Notice given by the Court to:
    *Donald A. Roberts
    Howard Duncan
    J.P. Sam King
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.